# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GLENN DELL COOK,

    Petitioner,

v.                                      No. 21-cv-1142 RB-KBM

BUREAU OF PRISONS,

    Respondent.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Petitioner Glen Dell Cook's Letter-Petition Regarding Sentence Calculation. (Doc. 1.) Cook is a federal prisoner and is proceeding *pro se*. He alleges the Bureau of Prisons (BOP) refuses to run his two sentences concurrently, as set forth in his federal criminal judgment. (*See id.*; *see also* 06-cr-2403 RB, Doc. 775.) Cook's current release date is October 26, 2031. *See* https://www.bop.gov/inmateloc/. A challenge to the execution of a sentence, including an allegation that the BOP miscalculated a release date, is construed as a habeas corpus petition under 28 U.S.C. § 2241. *See Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle . . . for attacking the execution of a sentence."); *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting § 2241 is the appropriate vehicle for challenging miscalculation of sentence/credits). Cook also requests a judicial recommendation that he receive sentence credit pursuant to 18 U.S.C. § 3621(b). However, that provision governs a defendant's place of imprisonment and is not relevant to a prisoner's release date. *See* 18 U.S.C. § 3621(b) (noting that the BOP "shall designate the place of the prisoner's imprisonment" and setting forth factors regarding prison location). As a result, the Court will construe the Letter-Petition as a § 2241 petition.

When a pleading seeks a shorter sentence under § 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence . . . must be filed in the district where the prisoner is confined"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (same). Petitioner is currently confined at FCI Florence, within the jurisdiction of the United States District Court for the District of Colorado. *See* https://www.bop.gov/inmateloc/; 28 U.S.C. § 85 ("Colorado constitutes one judicial district"). The Letter-Petition must be resolved in that federal court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). In lieu of dismissal and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion . . . to transfer [an inmate's] case" *sua sponte*). To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith . . . ." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Faulkenburg v. Weir*, 350 F. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer). The claims are not time-barred; "there is no statute of limitations for petitions invoking § 2241." *Craig v. United States*, 844 F. App'x 96 (10th Cir. 2021). An allegation that the BOP miscalculated Petitioner's sentence may survive initial review. And, while Petitioner directs his concerns to the sentencing court rather than raising them in the district of confinement, this is a common mistake for *pro se* litigants. The Court therefore finds the Letter-

Petition was filed in good faith.

For these reasons, the Court will transfer this case to the United States District Court for the District of Colorado. Petitioner may or may not be asked to file his claims on the proper § 2241 form, which provides more information, and pay the $5 habeas filing fee in the Colorado Court. For convenience, and to the extent Petitioner would like a copy of relevant forms, the Court will direct the District of New Mexico Clerk's Office to mail him a blank § 2241 form and a blank *in forma pauperis* application. **Petitioner is reminded that all further pleadings and payments should be submitted to the United States District Court for the District of Colorado.**

IT IS ORDERED that the Clerk's Office shall **TRANSFER** this proceeding, including the Letter-Petition Regarding Sentence Calculation (**Doc. 1**), to the United States District Court for the District of Colorado and **CLOSE** this civil case.

IT IS FURTHER ORDERED that the Clerk's Office shall **MAIL** Petitioner a blank § 2241 habeas petition and a blank motion to proceed *in forma pauperis*, should he wish to file those forms in the Colorado Court.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE